### 10051. WILLIAMS *et al. v.* STATE OF GEORGIA.

PER CURIAM, In a statutory proceeding to condemn or confiscate a certain automobile, alleged to have been employed in the illegal transportation of liquor contrary to the provisions of section 20 of the act of 1917, all the witnesses testified that at the time of the seizure of the car no intoxicant of any kind was found therein. While one witness swore that at a time previous to the seizure there were intoxicants in "a" car, he swore further: "I do not know whether *that* car [having reference to the car in litigation] was used in hauling liquor or not . . . I can't swear that *that* car ever hauled any liquor or not." *Held,* that the entire evidence was legally insufficient to support a verdict finding the car subject, and the judgment overruling the defendant's motion for a new trial must be

*Reversed. Wade, C. J., Jenkins and Luke, JJ., concur.*

DECIDED APRIL 16, 1919.

Condemnation under liquor law; from city court of Quitman—Judge W. H. Long. July 31, 1918.

*Theodore Titus, Bennet & Harrell,* for plaintiffs in error.

*John E. Morris Jr., Branch & Snow,* contra.

---

### 10070. HARVEY *v.* LEWIS.

LUKE, J. Motions for continuance of cases are addressed to the sound legal discretion of the court, and the party making such a motion must show that he has used due diligence. Civil Code (1910), §§ 5721-4. In this case the trial judge did not abuse this discretion. See *Blackwell* v. *Jennings,* 128 *Ga.* 264 (57 S. E. 494). For no reason assigned did the court err in overruling the motion to continue the case, or in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

DECIDED APRIL 16, 1919.

Lien foreclosure; from Evans superior court—Judge Sheppard. July 15, 1918.

*J. J. E. Anderson, S. T. Brewton,* for plaintiff in error.

*J. Saxton Daniel,* contra.