11472.  PARKS v. STATE OF GEORGIA.

SMITH, J.  1. "In a proceeding under section 20 of the prohibition act
   approved March 28, 1917 (Ga. L. Ex. Sess. 1917, pp. 7, 10), to con-
   demn a vehicle or conveyance used in transporting any liquors or bev-

erages the sale or possession of which is prohibited by law, the burden is upon the State, the condemnor, to show that such vehicle or conveyance was used in conveying the prohibited liquors or beverages with the knowledge of the owner or 'lessee.'" *Lang* v. *Hilt*, 149 *Ga.* 667 (1) (101 S. E. 795).

2. Under the above ruling it was not error in the court below to deny to the claimant or intervenor the right to open and conclude, upon the mere admission by his counsel that the defendant in the proceeding was in possession of the car, the claimant or intervenor at the same time denying any knowledge of its illegal use.

3. The admission of the evidence complained of in the 4th, 5th, and 6th grounds of the motion for a new trial was not error, as all of this evidence, though circumstantial, was connected up with the other evidence in the case, tending to show that liquor was being transported in the car sought to be condemned, and that all or part of this liquor had been taken out of the car, carried some distance away from it, and concealed.

4. There was evidence to support the verdict, and, it having the approval of the court below, this court will not reverse the judgment overruling the motion for a new trial.

              *Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*
                        DECIDED NOVEMBER 2, 1920.

Condemnation; from Barrow superior court — Judge Cobb. February 25, 1920.

Parks interposed a claim to a certain automobile, seized because of alleged use in conveying liquors while in the custody and control of Cal Doster. On the trial of the case the jury rendered a verdict finding that the car was subject to condemnation as the property of Doster. The case came to the Court of Appeals on exceptions to the overruling of the claimant's motion for a new trial.

1, 2. In the motion for a new trial it is contended that the trial judge " erred in giving the State the opening and conclusion of the argument, although the defendant, Cal Doster, introduced no evidence, and although the burden of proof was upon the claimant."

3. From the evidence it appears that the car in question was seized just after a collision with another car, and that no liquor was found in it, but it smelt strongly of corn whisky, and kegs and a jug which had contained whisky were found in woods near where this car was discovered. Grounds 4 and 5 of the motion for a new trial relate to testimony of T. S. Banks to the effect that about 20 minutes after the collision he saw a third car come up with men who carried off some kegs in the car in which they came. This testimony was admitted over the objection that it was irrelevant

and immaterial. Ground 6 relates to testimony of H. H. Dalton "to the effect that he found, an hour and a half after the alleged wreck of the car seized to be condemned, in a brush pile of pine brush, a 10-gallon keg and a 20-gallon keg and a jug, some of which was totally covered and the other just partly covered up, and that one of the kegs smelled strongly of whisky." This testimony was objected to on the ground that it related to a transaction occurring an hour and a half after the alleged wreck.

*Richard B. Russell, Richard B. Russell Jr.,* for plaintiff in error.
*W. O. Dean, solicitor-general,* contra.