12218.  WILLIAMS *v.* STATE OF GEORGIA *et al.*

1. An automobile is subject to condemnation under the intoxicating-liquor law, if with the owner's knowledge it contained intoxicants before (though not at) the time of its seizure and within the period fixed by the statute of limitations.
2. The evidence not demanding a finding that the car was not subject, the first grant of a new trial will not be controlled.

DECIDED JUNE 17, 1921.

Condemnation under liquor law; from city court of Quitman — Judge Baum.  January 11, 1921.

*Bennet & Harrell,* for plaintiff in error.

*John E. Morris Jr., solicitor, Branch & Snow,* contra.

LUKE, J. 1. When this case was formerly before this court for review the court said: " In a statutory proceeding to condemn or confiscate a certain automobile, alleged to have been employed in the illegal transportation of liquor contrary to the provisions of section 20 of the act of 1917, all the witnesses testified that at the time of the seizure of the car no intoxicant of any kind was found therein. While one witness swore that at a time previous to the seizure there were intoxicants in ' a ' car, he swore further: ' I do not know whether *that* car [having reference to the car in litigation] was used in hauling liquor or not. . . I can't swear that *that* car ever hauled any liquor or not.' *Held,* that the entire evidence was legally insufficient to support a verdict finding the car subject, and the judgment overruling the defendant's motion for a new trial must be reversed." *Williams* v. *State of Georgia,* 23 Ga. App. 567 (99 S. E. 54). Obviously this ruling is not authority for the proposition (and consequently it cannot be said to be the law of this particular case) that an automobile is only subject to condemnation in the event intoxicants are found therein at the time of the seizure. To the contrary, the only legitimate and legal construction of this ruling is that an automobile is subject to condemnation if it contained intoxicants previously to the time of the seizure and within the period of limitations. See, in this connection, the recent cases of *Doster* v. *State,* and *Parks* v. *State,* 25 Ga. App. 723 (104 S. E. 642, 911), where this court affirmed judgments finding automobiles subject to condemnation where there was no evidence that the cars contained whisky at the time they were seized, but where there was evidence that they had previously transported intoxicants within the period fixed by the statute of limitations. While on the second trial of this case there was no evidence that the automobile contained intoxicants of any kind when it was seized, there was direct evidence that a short time previous thereto this particular car did contain intoxicants; and, in view of the authorities above cited, this evidence was legally sufficient to authorize its condemnation. There was also ample circumstantial evidence to authorize a finding that the alleged owner of the car knew that it was being used for the illegal transportation of liquor.

2. Under the above rulings we cannot say that the verdict finding the car not subject was demanded; and it therefore follows that the action of the lower court in granting a first new trial cannot be controlled. The fact that the judge who tried the case did not pass upon the motion for a new trial, but that the new trial was granted by his successor in office, does not alter our ruling, since "the provisions of sections 6088 and 6204 of the Civil Code, relating to the power and discretion of a trial judge as to the grant of a new trial, apply where the motion for a new trial is heard and determined either by the judge who presided at the trial or by another judge; but the scope within which the discretion may be exercised, in the consideration of the evidence, by a judge who did not preside at the trial is not as extensive as in the case of the judge who heard and observed the witnesses, and who, in a sense, is to be considered the thirteenth member of the jury. There is no language in these sections of the code from which it can be inferred that the grant of a new trial is ever an abuse of discretion, unless the verdict set aside was demanded by the evidence adduced upon the trial." *Georgia Southern & Florida Railway Co.* v. *Bryan,* 15 *Ga. App.* 253 (82 S. E. 913).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*