70005, 70006. HOLTON v. JONES (two cases).
(331 SE2d 26)

BIRDSONG, Presiding Judge.
Discretionary Grant of New Trial. The facts giving rise to this dispute and appeal reflect that Mr. and Mrs. Jones were driving their vehicle south on a four-lane divided road in Statesboro. Mrs. Jones was driving in the curb lane. Traffic was controlled by a signal light

clearly visible and in good operating condition. Holton was driving his car west on a two-lane road that intersected with and crossed the four-lane road leading north and south. Holton arrived at the east side of the intersection following a car also proceeding west. Holton testified that the car in front of him stopped and then turned rapidly to the left (i.e., toward the south) squealing his tires. Holton stated he thought the light was green (apparently because the car in front of him proceeded) so Holton drove on through the intersection where his car and that of the Joneses' collided in the far lane of the southbound traffic. However, Holton could not remember if nor would he swear that the light was red or green. Holton thought the Joneses car struck his car. However, Mrs. Jones and other eyewitnesses testified the Holton car struck the Joneses car in the left front quarterpanel. Both Mr. and Mrs. Jones and an eyewitness testified the traffic light was green for the north-southbound traffic and that Holton ran the red light and struck the Joneses' vehicle.

During the trial, evidence was presented by the Joneses showing special damages of several thousand dollars in the form of medical, hospital, and doctor's bills, both for Mr. Jones and Mrs. Jones. Additionally, evidence was presented of loss of consortium by both the Joneses as well as evidence of pain and suffering. This evidence was contested by Holton who sought to show that much of the expenses incurred possibly related to pre-existing or non-related conditions. The trial court charged on issues of negligence, comparative negligence, and damages including that which could be incurred through loss of consortium, pain and suffering, as well as based upon actual demonstrable damages. The jury returned verdicts in favor of the Joneses, awarding $1,961.57 for Mrs. Jones and $1,977.74 for Mr. Jones. Before the verdict was rendered, the Joneses objected to a charge on comparative negligence. After the verdict, the Joneses moved for a new trial on the general grounds. The trial court, for reasons not stated, granted the motion for new trial. Holton now brings this appeal arguing that the trial court apparently granted the motion for new trial based upon general grounds because of inadequacy of verdict. *Held*:

We will not speculate upon what grounds the trial court might have granted this first motion for new trial. However, whatever the reason, we observe that in this state the trial judge is vested with the strongest of discretions to review the case and to set the verdict aside if he is not satisfied with it. Indeed the trial judge oftentimes is spoken of as being the thirteenth juror. Until his approval is given the verdict is not binding. See *Ricketts v. Williams*, 240 Ga. 148 (240 SE2d 41); *Maloy v. Planter's Warehouse &c. Co.*, 142 Ga. App. 69 (234 SE2d 807). This is nothing more than the recognition of a rule of law of this state that the first grant of a new trial to either party is

not to be reversed by an appellate court unless the verdict set aside by the trial court was absolutely demanded. *Gledhill v. Brown*, 44 Ga. App. 670, 672 (162 SE 824). This judicial pronouncement has been codified by our legislature in OCGA § 5-5-50. Inasmuch as the verdict of the jury in several respects was not demanded in view of the disputed contentions of the parties, it hardly can be said that the verdict rendered by the jury was demanded by the evidence. In consideration of such a posture, we, as an appellate court, will not second guess the trial court in its first grant of a new trial. *Pierce v. Gaskins*, 168 Ga. App. 446, 448 (309 SE2d 658).

*Judgments affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 10, 1985 —
REHEARING DENIED APRIL 29, 1985.

*David R. Smith*, for appellant.
*Francis W. Allen, Susan W. Cox, Claude M. Kicklighter*, for appellee.