A98A0075. DEBARDELABEN v. SHOWBIZ PIZZA TIME, INC.
(498 SE2d 764)

BLACKBURN, Judge.

Viola Debardelaben appeals the trial court's grant of summary judgment to defendant Showbiz Pizza Time, Inc. (Showbiz) in the underlying slip and fall case. Debardelaben contends that the trial court erred in determining that Showbiz exercised ordinary care to protect her against unreasonable risk of harm and in finding that she failed to exercise ordinary care for her own safety.

"In determining whether the trial court properly granted summary judgment, we review the record evidence de novo to determine whether that evidence, with all inferences construed in [Debardelaben's] favor, showed as a matter of law that [Showbiz was entitled to summary judgment]." *Bell v. Smith*, 227 Ga. App. 17 (488 SE2d 91) (1997).

In the present case, the record reveals that Debardelaben and her family ate dinner at a Chuck E Cheese restaurant owned by Showbiz. After dinner, Debardelaben went to the rest room. Upon entering the rest room, Debardelaben slipped and fell. While on the floor, Debardelaben noticed that the floor was wet. She lay on the floor for ten minutes and yelled for help; however, no one came to assist her so she got up and went to the front of the restaurant where she spoke with a manager. Debardelaben deposed that upon walking into the rest room she could not tell that the floor was wet, but that after she fell she could see that the floor was wet by looking very

closely. She deposed that there was no sign posted warning of a wet floor. Kenneth Brooks, the general manager of the Chuck E Cheese restaurant, averred that he was working on the night Debardelaben fell and that he checked the rest room floor after Debardelaben notified him of her fall. Brooks further averred that the floor was dry and that a "CAUTION WET FLOOR" sign was in plain view of anyone walking into the rest room.

Our Supreme Court recently reiterated that "to state a cause of action [in a slip and fall case] the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." (Punctuation omitted.) *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (493 SE2d 403) (1997) (quoting *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980)).

In the present case, because Showbiz had mopped the floor, it had constructive knowledge that the floor was wet. However, because the facts are conflicting as to whether a warning sign was present, we cannot say as a matter of law that Showbiz exercised ordinary care in keeping the premises safe. The cases cited by Showbiz involving placement of warning signs are inapplicable because in the present case, Debardelaben averred that after her fall she looked for a warning sign and did not see one. This evidence directly conflicts with the manager's affidavit which attempts to establish that a warning sign was placed in a spot visible to anyone entering the rest room. If so, the sign would affirm the fact that the area was indeed wet, and that defendant knew it. Although Showbiz characterizes Debardelaben's affidavit as self-serving, it is no more self-serving than the manager's affidavit stating that a caution sign was placed in a location visible to anyone entering the rest room. It is for a jury to determine which witness is more credible, not this Court.

Additionally, we cannot say that as a matter of law Debardelaben was not exercising ordinary care for her own safety. See *Robinson*, supra. See also *Dobbins v. Bi-Lo*, 230 Ga. App. 119 (494 SE2d 397) (1998). Therefore, the trial court erred in granting Showbiz' motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 12, 1998.

*Charles M. Morris,* for appellant.
*Drew, Eckl & Farnham, Lucian Gillis, Jr.,* appellee.