A99A1476. THOMAS et al. v. WILEY.
(522 SE2d 714)

ELLINGTON, Judge.

Sylvester Wiley sued Freda Thomas and Bob Maddox Chrysler Plymouth, Inc. ("Bob Maddox") to recover damages for injuries sustained in a collision between a motorcycle operated by Wiley and an automobile driven by Thomas.

Defendants asserted defenses of contributory negligence, avoidance of consequences (an aspect of contributory negligence), and assumption of risk.

Evidence was presented showing the fault of all parties. The intersection at which the collision occurred is not controlled by stop or yield signs in any direction, and Bob Maddox had parked cars along the roadway obstructing both drivers' views. Thomas failed to stop her car even though she was exiting the parking lot of the dealership onto a roadway. However, she had been to the dealership only once before and had not observed any traffic at this intersection. Wiley, on the other hand, worked at an adjacent dealership and was aware of the hazards surrounding the intersection. He knew that vehicles exiting the dealership did not stop, and although had not seen any collisions, he had observed a number of "near misses." Although Wiley testified that he was proceeding along the roadway

at a safe rate of speed and slowed down before the collision, a Bob Maddox employee who witnessed the collision testified otherwise. For the most part, evidence of Wiley's damages was either uncontested or not preserved in the record.

At trial, the jury was given a special verdict form containing four questions. The first question required the jury to determine if plaintiff was in some way negligent and contributed to his own damages and, if so, to apportion the negligence by assigning a percentage to it. The second and third questions required the jury to make the same findings as to each defendant. The fourth question required the jury to find in what amount the plaintiff was damaged.

The jury responded to the first three questions on the special verdict form by finding that each party was chargeable with equal negligence (i.e., 33⅓ percent) contributing to plaintiff's damages. But, in response to the last question, the jury found that plaintiff sustained no damages.

Before entry of judgment on the verdict, Wiley moved for a new trial. Several days later, the trial court, without entering judgment on the verdict, ordered a new trial on the ground that the verdict was "contrary to law." Thomas and Bob Maddox moved for reconsideration, complaining, among other things, that their right to respond to the motion for new trial under Uniform State Court Rule 6.2 had been denied. After giving the defense an opportunity to be heard, the court entered an order denying the motion for reconsideration. We granted Thomas' and Bob Maddox's application for interlocutory appeal of that order.

1. Thomas and Bob Maddox first contend that the trial court erred in granting Wiley's motion for new trial before entering judgment on the verdict and without giving them 30 days to respond to the motion pursuant to Uniform State Court Rule 6.2.

It is true that a motion for new trial filed before entry of the judgment is premature, OCGA § 5-5-40 (a), as is an order granting a new trial. See OCGA § 5-5-40 (h). But defendants did not seek to set aside the order on that ground at the trial level. They merely sought an opportunity to be heard. Therefore, they have waived their challenge to the timeliness of the order. Since their right to be heard was not abridged, this enumeration is without merit.

2. Thomas and Bob Maddox contend that the court erred in denying their motion for directed verdict as Wiley assumed the risk of his injuries.

This contention is based primarily on the assertion that Wiley sped through the intersection without slowing down. Defendants were not entitled to a directed verdict, since there was a conflict in the evidence on this issue. This is not one of those plain, palpable, and undisputed cases in which it can be said that, as a matter of law,

Wiley assumed the risk of his injuries and damages. See *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476, 479 (3) (491 SE2d 909) (1997). The question was one for the jury.

3. Thomas and Bob Maddox next complain of the action of the trial court in ordering a new trial.

The trial court in this case ordered a new trial based on the general grounds. This Court will not speculate upon the grounds the trial court might have granted a first motion for a new trial. *Holton v. Jones*, 174 Ga. App. 654, 655 (331 SE2d 26) (1985). "[W]e observe that in this state the trial judge is vested with the strongest of discretions to review the case and to set the verdict aside if he is not satisfied with it." Id. As required by OCGA § 5-5-50, the first grant of a new trial is not to be reversed by an appellate court unless the verdict set aside by the trial court was absolutely demanded. *Gledhill v. Brown*, 44 Ga. App. 670, 672 (162 SE 824) (1932). The record presented to this Court does not demand such a reversal.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 22, 1999.

*Ellis, Painter, Ratterree & Bart, Ryburn C. Ratterree, Tracy O'Connell, Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith,* for appellants.

*Ronald C. Berry, James K. Lange,* for appellee.