## A06A2440. THE STATE v. McMILLON.
(642 SE2d 343)

MIKELL, Judge.

A jury convicted Perry McMillon of involuntary manslaughter for pushing his wife, Sheila McMillon, into the path of an oncoming vehicle on Highway 84 in Decatur County, during an argument outside of Fred's Nightclub. The trial court sentenced him to ten years to serve. In an amended motion for new trial, McMillon challenged the trial court's denial of his *Batson* challenge and the effectiveness of trial counsel.[1] The trial court found that its denial of the *Batson* challenge was proper, but also found that counsel was ineffective, and granted McMillon's motion on this basis. Under the authority of OCGA § 5-7-1 (a) (7), the state appeals.[2] We affirm.

OCGA § 5-7-1 (a) (7), as amended in 2005, gives the state the right to appeal the grant of a motion for new trial. Though this is the first time we have addressed an appeal under this Code section, we apply the same standard of review used in all cases challenging the first grant of a motion for new trial. OCGA § 5-5-50 provides that "[t]he first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." In the past, we have had occasion to apply OCGA § 5-5-50 only to civil and quasi-criminal actions, and have consistently noted that it greatly restricts our authority to reverse.[3] As we held in *Holton v. Jones*:[4]

> [I]n this state the trial judge is vested with the strongest of discretions to review the case and to set the verdict aside if he is not satisfied with it. Indeed the trial judge oftentimes is spoken of as being the thirteenth juror. Until his approval is given the verdict is not binding. This is nothing more than the recognition of a rule of law of this state that the first grant of a new trial to either party is not to be reversed by an appellate court unless the verdict set aside by the trial court

---

[1] Prior to the substitution of counsel, trial counsel filed a motion for new trial arguing the general grounds.

[2] See OCGA § 5-7-1 and the corresponding Comment, noting that in 2005, the words, "a motion for new trial or" were inserted in paragraph (a) (7).

[3] See, e.g., *Bhansali v. Moncada*, 275 Ga. App. 221 (1) (620 SE2d 404) (2005) (medical malpractice); *Dryman v. Watts*, 268 Ga. App. 710-711 (1) (603 SE2d 51) (2004) (negligence); *Jackson Nat. Life Ins. Co. v. Snead*, 231 Ga. App. 406, 408-409 (1) (499 SE2d 173) (1998) (insurance claim); *Williams v. State of Ga.*, 27 Ga. App. 224 (2) (107 SE 620) (1921) (condemnation).

[4] 174 Ga. App. 654 (331 SE2d 26) (1985).

was absolutely demanded. This judicial pronouncement has been codified by our legislature in OCGA § 5-5-50.[5]

"[W]e will reverse the first grant of a new trial only if the evidence of record absolutely demanded the verdict as rendered."[6] We must be especially vigilant as we apply these principles to a criminal case, where life and liberty are at stake.

1. In several enumerations, the state contends that the trial court erred in finding that McMillon was denied a fair trial because he received ineffective assistance of counsel. We disagree. To prevail on an ineffectiveness of counsel claim a defendant must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense.[7] Here, evidence supported the trial court's finding that McMillon met his burden of showing deficient performance and prejudice based on his counsel's actions.

We are mindful of the state's claim that during the motion for new trial hearing McMillon failed to show the substance of the testimony of witnesses that the trial court found should have been subpoenaed to testify on his behalf.[8] However, the record contains evidence supporting the trial court's conclusion that trial counsel did not adequately investigate the case or present a viable defense.[9] Specifically, trial counsel testified at the motion for new trial hearing that he did not interview any of the state's witnesses, including Larry Burgess, the driver of the vehicle, or obtain their taped interviews prior to trial. Moreover, though trial counsel stipulated to the admission of the toxicology reports showing that the defendant and the decedent tested positive for alcohol and cocaine metabolites, he never investigated how those drugs may have affected their ability to function. Additionally, though evidence adduced at trial raised the possibility that McMillon had thrown his shirt onto the highway and that Sheila was struck by the vehicle when she bent down to retrieve it, trial counsel failed to investigate or pursue the defense that

---

[5] (Citations omitted.) Id. at 655-656.

[6] (Citations and footnote omitted.) *Bhansali*, supra at 222 (1).

[7] *Cortez v. State*, 253 Ga. App. 699, 704 (6) (561 SE2d 142) (2002), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[8] See, e.g., *Sanders v. State*, 253 Ga. App. 380, 381 (559 SE2d 122) (2002) ("[a]bsent a proffer, defendant cannot meet his burden of making an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case") (citation and punctuation omitted). Compare *Goldstein v. State*, 283 Ga. App. 1, 4-6 (3) (a), (b) (640 SE2d 599) (2006) (witness testimony at motion for new trial hearing established prejudice).

[9] See *Stapp v. State*, 273 Ga. App. 899, 901 (616 SE2d 215) (2005).

Sheila's death was an accident. Therefore, we conclude that the trial court did not abuse its discretion in granting McMillon's motion for a new trial.[10]

2. Even if the trial court erred in finding that trial counsel was ineffective, we affirm the grant of McMillon's motion for new trial under the right for any reason rule because there was conflicting evidence about whether McMillon pushed his wife into the path of an oncoming vehicle.[11] As the original verdict was not absolutely required by the evidence, we find that the trial court did not abuse its discretion in granting a new trial.[12]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 21, 2007 — 

*Joseph K. Mulholland, District Attorney, Gun Ju Pak, Assistant District Attorney*, for appellant.
*Ronald L. Beckstrom*, for appellee.

---

[10] See, e.g., *Jowers v. State*, 260 Ga. 459, 461 (2) (396 SE2d 891) (1990); *Stapp*, supra at 901-903.

[11] At trial, several witnesses testified that Gerald Perkins pushed Sheila, but one witness testified that he never saw McMillon push Sheila. Moreover, as noted in Division 1, the evidence raised the possibility that Sheila was struck by Burgess's vehicle when she bent down to retrieve McMillon's shirt from the highway.

[12] See *Bhansali*, supra at 226 (1) (verdict in favor of physicians in medical malpractice action not absolutely demanded where some expert evidence could support a finding of negligence and causation against the physicians); see also *Thomas v. Wiley*, 240 Ga. App. 135, 137 (3) (522 SE2d 714) (1999).