**THIRD DIVISION
GOBEIL,
COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 21, 2019**

# In the Court of Appeals of Georgia

A18A1491. FREEMAN LOMAX et al. v. THE KROGER COMPANY.

GOBEIL, Judge.

This appeal arises from a premises liability/negligence action brought by Freeman Lomax ("Lomax") and his wife, Pattie Lomax (collectively, the "plaintiffs"), against The Kroger Company ("Kroger") after Lomax slipped and fell in a Kroger store. A jury found in favor of the plaintiffs and awarded damages, and the trial court entered judgment accordingly. Thereafter, the court entered an order (1) granting Kroger's motion for a judgment notwithstanding the verdict ("JNOV"), concluding that the plaintiffs failed to show that Kroger had actual or constructive knowledge of the hazardous condition and that Lomax had superior knowledge of the hazard and, (2) holding that should the JNOV be reversed, Kroger was entitled to a new trial because that the verdict was contrary to the evidence. The plaintiffs appeal that order,

arguing that the trial court erred in finding that there was no evidence that Kroger had constructive knowledge of the hazard that caused Lomax to slip and fall because, according to the plaintiffs, (1) Kroger failed to follow reasonable floor inspection procedures and (2) a Kroger employee was in the immediate vicinity of the fall and could have removed the hazard. The plaintiffs also argue that the trial court erred by granting a new trial where the verdict was not contrary to the evidence. For the reasons that follow, we reverse in part and affirm in part.

If the record contains "*any evidence* upon which the verdict can be based, the jury is free to disbelieve whatever facts are inconsistent with their conclusion and the court cannot substitute its conclusion for that of the jury and enter a [JNOV]." *Ogletree v. Navistar Intl. Transp. Corp.*, 271 Ga. 644, 647 (522 SE2d 467) (1999) (emphasis supplied).

> When considering whether the trial court erred by granting a motion for JNOV, we review and resolve the evidence and any doubts or ambiguities in favor of the verdict; a JNOV is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom *demands* a certain verdict. Thus, a JNOV may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. If the evidence is conflicting, or if insufficient

evidence exists to make a "one-way" verdict proper, a JNOV should not be granted.

*Crook v. Foster*, 333 Ga. App. 36, 38 (1) (775 SE2d 286) (2015) (citations and punctuation omitted; emphasis in original). When reviewing the grant or denial of a motion for JNOV, "appellate courts must view the evidence in the light most favorable to the party securing the jury verdict." *Plane v. Uniforce MIS Services of Georgia, Inc.*, 232 Ga. App. 757, 758 (503 SE2d 621) (1998) (citation and punctuation omitted).

Thus viewed in the light most favorable to the plaintiffs, the record shows that Freeman Lomax entered a Kroger store on January 24, 2014, at approximately 5:33 p.m. At 5:45 p.m., he entered the produce department, pushing a shopping cart containing a hand-held shopping basket and several grocery items. Lomax parked his shopping cart in the produce department and used the basket to return some of the grocery items to their respective shelves. At 5:53 p.m., Lomax returned to his shopping cart and, as he began pushing the cart, slipped on the tile floor and fell in a puddle of water, injuring his shoulder and head. A store security guard offered assistance, and called "for somebody to come and get [the] water" off the floor. While he was on the floor after the fall, Lomax observed water on the floor and noticed his

clothes were "soaking wet." A nearby customer commented that the floor was wet after the fall. Lomax did not know the origin of the water on the floor or how long it had been there. Lomax sustained injuries to his shoulder and head and was taken from Kroger by ambulance to a hospital shortly after the fall.

The plaintiffs sued Kroger for negligence and loss of consortium. At the close of the plaintiffs' case, Kroger moved for a directed verdict, arguing that there was no evidence that Kroger had actual or constructive knowledge of the water on the floor. The trial court denied the motion. At the close of all of the evidence, Kroger renewed its motion for a directed verdict, and the trial court again denied the motion. The jury returned a verdict for the plaintiffs on February 8, 2017, awarding damages to Lomax in the amount of $500,000 on his negligence claim, and $200,000 to Ms. Lomax for loss of consortium. The trial court then entered judgment on the jury's verdict. Kroger filed a motion for JNOV or, in the alternative, a motion for a new trial. Following a hearing on the motion, the trial court granted the motion for JNOV. The court further held that in the event the JNOV was vacated or reversed on appeal, Kroger would be entitled to a new trial.

In granting the motion for JNOV, the trial court analyzed the surveillance video and ruled that the plaintiffs had failed to establish that any of Kroger's employees had

4

either actual or constructive knowledge of the hazardous water puddle on the floor. Further, the trial court held that the evidence showed that Lomax had superior knowledge of the hazard.

1. The plaintiffs argue that the trial court erred in finding there was no evidence in the record that Kroger had constructive knowledge of the water puddle on the floor. We agree.

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove: (1) that the defendant had actual[1] or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (B) (493 SE2d 403) (1997). In slip and fall cases, constructive knowledge may be imputed to the owner/occupier where there is evidence that (1) an employee of the proprietor was in the immediate area of the hazard and could have easily seen and removed it; or (2) the hazard had been present long enough that the proprietor could have discovered it through reasonable

---

[1]The plaintiffs do not contend that Kroger had actual knowledge of the water puddle on the floor. Therefore, in order to demonstrate knowledge, the plaintiffs must point to evidence that Kroger had constructive knowledge of the hazard. *Prescott v. Colonial Properties Trust, Inc.*, 283 Ga. App. 753, 754 (1) (642 SE2d 425) (2007).

5

inspection procedures. *Wallace v. Wal-Mart Stores, Inc.*, 272 Ga. App. 343, 345 (612 SE2d 528) (2005); see also *Kroger Co. v. Brooks*, 231 Ga. App. 650, 654 (1) (a) (500 SE2d 391) (1998). With regard to the second method of showing constructive knowledge,

> [t]he length of time the substance must remain on the floor before the owner should have discovered it and what constitutes a reasonable inspection procedure vary with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location.

*Davis v. Bruno's Supermarkets, Inc.*, 263 Ga. App. 147, 150 (2) (587 SE2d 279) (2003) (citation and punctuation omitted). However, a plaintiff in a slip and fall action "need not show how long the hazard has been present" unless the owner has demonstrated that "it had a reasonable inspection program in place[] [and] that such program was actually carried out at the time of the incident." *Shepard v. Winn Dixie Stores, Inc.*, 241 Ga. App. 746, 748 (1) (527 SE2d 36) (1999) (citations, punctuation, and footnotes omitted); see also *Ingles Markets, Inc. v. Martin*, 236 Ga. App. 810, 811 (513 SE2d 536) (1999) (citation and punctuation omitted) ("a plaintiff need not show how long a substance has been on the floor unless the defendant has established

6

that reasonable inspection procedures were in place and followed at the time of the incident").

Here, there was conflicting evidence as to whether Kroger properly implemented its inspection procedures on the date of Lomax's accident. A clerk in the store's produce department was restocking produce prior to the time Lomax fell, and surveillance video depicts the produce clerk walk by the area where Lomax fell at 5:37 p.m. The clerk testified that he did not look down at the floor as he walked by this area and did not observe a sizeable puddle of water at this time, but if he had, he would have cleaned and removed it. The produce clerk also testified regarding the store's usual inspection procedures. Store employees were trained to inspect floors and check for spills or other hazards. In the produce department, employees swept the floor at the end of their shifts. The produce clerk's shift did not end until 10 p.m., and he had not yet performed a sweep of the produce section at the time Lomax fell, nor had he performed an inspection of the floor.

In its order granting the motion for JNOV, the trial court characterized the produce clerk's traversing the produce section where Lomax fell as a "checkup/walkthrough" of the area. The jury viewed the surveillance footage of the produce clerk and heard his testimony regarding the same. This evidence did not

7

demand a finding that the clerk's walk-through constituted an inspection, and the trial court erred in substituting its own judgment for that of the jury on this issue. *Augusta Country Club, Inc. v. Blake*, 280 Ga. App. 650, 655 (1) (a) (634 SE2d 812) (2006) (where plaintiff presented some evidence that hazard would have been discovered if defendant had followed its customary inspection and maintenance procedures, trial court did not err in denying motion for directed verdict).

The store's manager also testified as to Kroger's customary "store inspection plan." This policy requires employees to clean spills or debris from the floor if they notice anything, and for courtesy clerks to perform six "complete sweep[s]" of the store daily. These sweeps consist of an employee cleaning with a long broom in every aisle and department. When employees perform floor sweeps, they electronically log the sweeps into the store's computer system using a numerical code. The store's sweep log for the date of Lomax's fall showed that a courtesy clerk commenced a storewide sweep at 5:29 p.m. and completed the sweep at 5:53 p.m. However, surveillance video depicts the same clerk assisting customers at the cash register at the time she supposedly clocked out for the complete sweep, and cleaning the store restroom at the time she supposedly completed the sweep. The manager confirmed that the courtesy clerk did not complete the sweep, and testified that the clerk may

8

have clocked out for the sweep, but failed to perform the sweep. The manager was unable to explain the discrepancy in the electronic sweep log and the surveillance footage or to identify any employee who actually carried out the inspection procedures, and the jury was authorized to resolve this conflict in the evidence adversely to Kroger. See *Shepard*, 241 Ga. App. at 749 (1) (in slip and fall case, grant of summary judgment in favor of defendant grocery store reversed where manager's affidavit did not reflect that he observed or had personal knowledge of the inspection procedures carried out on day of plaintiff's injury). The evidence adduced at trial and outlined above permitted a conclusion that Kroger failed to adhere to reasonable inspection procedures on the date of Lomax's fall, and therefore had constructive knowledge of the hazard. Accordingly, the trial court erred in setting aside the verdict.

Because there was evidence from which a jury could infer that Kroger had constructive knowledge of the hazard (based on its failure to follow reasonable inspection procedures), we need not reach the issue of whether sufficient evidence existed to create a jury issue on whether Kroger employees were in the immediate area of the hazard and could have easily seen and removed it. *Kroger Co. v. Schoenhoff*, 324 Ga. App. 619, 623 (751 SE2d 438) (2013).

9

2. The Lomaxes also challenge the trial court's grant of Kroger's motion for a new trial. We find no abuse of discretion and hence affirm the grant of a new trial.

As required by OCGA § 9-11-50, at the time it ruled on the motion for a JNOV, the trial court also ruled on Kroger's motion for a new trial. The trial court conditionally granted the motion based on its determination that the jury's verdict was contrary to the evidence and against the principles of justice and equity. See OCGA § 9-11-50 (c) (1) ("If the motion for [JNOV] . . . is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed and shall specify the grounds for granting or denying the motion for new trial."); see also OCGA §§ 5-5-20 ("In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury.") and 5-5-21 ("The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding.").

Unlike our assessment of a trial court's grant of a motion for a JNOV, we review the first grant of a new trial for an abuse of discretion. See OCGA § 5-5-50

10

("The first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge."); see also *Thomas v. Wiley*, 240 Ga. App. 135, 137 (3) (522 SE2d 714) (1999) (citation omitted) ("in this state the trial judge is vested with the strongest of discretions to review the case and to set the verdict aside if he is not satisfied with it").

Here, the trial court interpreted the surveillance video as evidence that Lomax had superior knowledge of the hazard. Although there was conflicting evidence on the issues as summarized above, the record contains evidence from which the jury could have found that Kroger lacked knowledge of the hazard and followed reasonable inspection procedures. Because the conflicting evidence would have authorized the jury to return a verdict for Kroger, the facts do not require the verdict notwithstanding the judgment of the presiding judge per OCGA § 5-5-50. Accordingly, we find no abuse of the trial court's discretion. See *Mosley v. Warnock*, 282 Ga. 488, 491 (2) (651 SE2d 696) (2007).

*Judgment affirmed in part and reversed in part. Coomer and Hodges, JJ., concur.*