**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**July 31, 2020**

# In the Court of Appeals of Georgia

A20A0903. ALLEN v. ABM AVIATION, INC.

MARKLE, Judge.

After Wanda Allen slipped and fell on a wet floor at the Atlanta airport where she was employed, she sued ABM Aviation, Inc. ("ABM") for negligence. The trial court granted summary judgment to ABM, finding that it had not breached its duty of care and that Allen had equal knowledge of the hazard due to the warning signs placed in the area. Allen now appeals, arguing that it was for a jury to decide whether ABM breached its duty and whether she had equal knowledge of the hazard. For the reasons that follow, we affirm.

> In order to prevail on a motion for summary judgment under OCGA § 9-11-56, [ABM], as the moving party, must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as

a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation omitted.) *In/Ex Systems, Inc. v. Masud*, 352 Ga. App. 722, 723 (2) (835 SE2d 799) (2019).

So viewed, the record shows that in June 2016, Allen was working as an assistant general manager for Global Concessions at the Atlanta airport. One evening, as she completed her shift in the airport atrium, she proceeded down the escalator and headed to an office to turn in paperwork and cash. As she stepped off the escalator, she noticed a man cleaning the floors to her left and a "wet floor" sign in that area. She turned to the right and began walking toward the office when she slipped and fell. She landed on her right side, striking her head and briefly losing consciousness. When she regained consciousness, she realized her clothes were "dripping" wet, but she did not see any water on the floor. Allen could not recall seeing any wet floor signs near where she fell, other than the single sign visible near the escalator. As a result of the fall, Allen suffered blurred vision, and neck and spinal injuries that required surgery.

2

ABM was the independent contractor responsible for cleaning the area.[1] The man operating the floor scrubber that evening did not see Allen fall, but he observed her on the ground and called for help. ABM's supervisor responded to the call, assessed Allen's situation, and called 911 and airport security. The supervisor observed the area where Allen fell and noticed a wet floor sign nearby, but he did not see anything on the floor. He took several photos of the area and checked the floor scrubber to be certain it was functioning properly. ABM's employee indicated that he had placed three to four wet floor signs in the area where Allen had fallen before she fell.

When the airport security officer reported to the scene, she conducted her own investigation. She observed some visible wetness on the floor, and noted that the area was damp, but there were no puddles of water on the floor. She noticed a wet floor sign near the spot where Allen slipped.

Allen sued ABM for negligence, on the ground that it had superior knowledge of the danger and a duty to warn her of the hazard, and that it breached that duty and

---

[1] At the time of the incident, ABM was known as Air Serv.

failed to exercise ordinary care.[2] ABM moved for summary judgment, arguing that Allen had equal knowledge of the hazard in light of the wet floor signs in the area, and the undisputed fact that she observed one of the signs and the employee operating the floor scrubber. The trial court granted the motion, and Allen now appeals.

> Premises liability lies at the intersection of tort law and property law. To recover on a theory of premises liability, a plaintiff must show injury caused by a hazard on an owner or occupier of land's premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public. When a premises liability cause of action is based on a "trip and fall" or "slip and fall" claim – and the lion's share of premises liability cases are – we have refined this general test down to two specific elements. The plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control.

(Citations omitted.) *Pipkin v. Azalealand Nursing Home, Inc.*, 339 Ga. App. 390, 392 (793 SE2d 568) (2016); see also OCGA § 51-3-1; *Robinson v. Kroger Co.*, 268 Ga.

---

[2]Accident Fund General Insurance Company filed a motion to intervene, seeking subrogation from any recovery Allen might obtain. The trial court granted the motion to intervene. However, the intervenor is not a party to the appeal.

735, 748 (2) (B) (493 SE2d 403) (1997); *Lomax v. Kroger Co.*, 348 Ga. App. 726, 728 (1) (824 SE2d 629) (2019).

Here, we presume ABM had knowledge of the water because its employee had recently mopped the floor. See *Mairs v. Whole Foods Market Group, Inc.*, 303 Ga. App. 638, 639 (694 SE2d 129) (2010). We thus turn to whether Allen had equal knowledge of the water and exercised ordinary care, keeping in mind that "routine issues of premises liability, . . . are generally not susceptible of summary adjudication, and summary judgment is granted only when the evidence is plain, palpable, and undisputed." (Punctuation omitted.) *Robinson*, 268 Ga. at 748 (2) (B).

Here, the evidence is "plain, palpable, and undisputed" that Allen had knowledge of the hazard, and thus ABM was entitled to summary judgment. *Robinson*, 268 Ga. at 748 (2) (B). Allen testified that she saw the employee cleaning another section of the floor and saw a "wet floor" sign as she exited the escalator. Additionally, contemporaneous photos of the area show a wet floor sign in the vicinity of Allen's fall. Although the parties dispute the *number* of signs in the area, it is undisputed that Allen observed both the employee cleaning the floor and one "wet floor" sign *before* she fell. Moreover, Allen testified that she was looking straight ahead as she walked down the hall, the lighting was fine, and nothing

5

obscured her vision. As such, the plain and undisputed evidence shows that Allen had equal knowledge of the risk.[3] See *Kim v. Municipal Market Co.*, 303 Ga. App. 122, 125 (693 SE2d 123) (2010) (plaintiff had equal knowledge of risk from water on floor and thus summary judgment for defendant was proper); *Briddle v. Cornerstone Lodge of America*, 288 Ga. App. 353, 355 (654 SE2d 188) (2007) (plaintiff's equal knowledge of the overflowing toilet prior to slipping and falling warranted summary judgment to defendant); *Taylor & Mathis v. Doyle*, 219 Ga. App. 445, 447 (2) (465 SE2d 484) (1995) (no issue of material fact for jury where plaintiff observed employee mopping the floor near where she fell) (physical precedent only). Accordingly, the trial court properly granted ABM's motion for summary judgment, and we affirm.

*Judgment affirmed. Reese, P. J., and Colvin, J., concur.*

---

[3] The cases Allen cites in support of her claim that she lacked equal knowledge are all distinguishable because, in those cases, there was conflicting testimony about whether there were *any* "wet floor" signs in the vicinity of the fall, and the plaintiffs never admitted having seen a "wet floor" sign prior to the fall. See *Turner v. Wendy's Intl., Inc.*, 282 Ga. App. 121 (637 SE2d 739) (2006); *Sutton v. Winn Dixie Stores*, Inc., 233 Ga. App. 424 (504 SE2d 245) (1998); *Feggans v. Kroger Co.*, 223 Ga. App. 47 (476 SE2d 822) (1996); *Debardelaben v. Showbiz Pizza Time, Inc.*, 231 Ga. App. 171 (498 SE2d 764) (1998). In contrast, Allen admits that she saw both a "wet floor" sign and the employee cleaning nearby before she fell.