## A03A2231. SQUIRES v. THE STATE.
### (595 SE2d 547)

MIKELL, Judge.

Mark Lorenzo Squires was indicted for burglary (Count 1), kidnapping (Counts 2 and 3), aggravated assault (Counts 4, 5, and 6), and possession of a firearm during the commission of a crime (Count 7). The jury found him guilty on Counts 1, 2, 3, 5, 6, and 7 and not guilty on Count 4.[1] On appeal from the denial of his motion for new trial, Squires challenges the sufficiency of the evidence to support his convictions and the admission of character evidence. For the reasons set forth below, we vacate the judgment of conviction and sentence on Count 3 and affirm the remainder of the judgment.

1. We first address Squires's challenge to the sufficiency of the evidence.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Conflicts in the testimony of the witnesses, including the [s]tate's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld.[2]

---

[1] Squires was sentenced to serve consecutive twenty-year terms on Counts 1, 2, 3, 5, and 6 and five years on Count 7, for a total of 105 years. The sentence review panel ordered that Squires's sentence on Count 6 run concurrently.

[2] (Citations and punctuation omitted.) *Brewer v. State,* 219 Ga. App. 16, 17 (1) (463 SE2d 906) (1995).

So viewed, the evidence shows that Squires shot three people on November 13, 1995: Sheila K., her 12-year-old brother G. K., and Charles Fubler. Fubler, who had a relationship with Sheila, testified that he arrived at her home on the date of the incident to give G. K. a ride to school. As Sheila and her brother were coming out of the house, Squires and an accomplice, Daniel C. Downing,[3] pulled up in a car and blocked Fubler's car door. Sheila and her brother screamed that the men had guns, so Fubler exited through the passenger door of his car and started running toward the house. Squires chased Fubler and shot him through the front door, hitting him in the head. Fubler, who played soccer for Augusta College on an athletic scholarship, lost his peripheral vision, had to learn how to walk again, was left with the IQ of a sixth grader, and could no longer play contact sports.

G. K. testified that his sister and Squires had been good friends and that Squires had come over once before on the date of the shooting. He further testified that when Squires trapped Fubler's car, G. K. was standing by the open passenger door of Fubler's car. Squires pulled out a gun and told Fubler to get out of the car; Fubler fled into the house and was shot through the door. Meanwhile, G. K. testified, he "somehow" got into the house. Downing grabbed Sheila K.'s neck and dragged her into the house. G. K. was in the kitchen and heard multiple gunshots. Squires emerged from around the corner, looked at G. K., and shot him in the chest. G. K. saw Squires shoot his sister as well.

Sheila K. testified that Squires became upset when she refused to date him and whenever he saw her with Fubler. One morning Sheila K. discovered Squires sleeping outside her porch in freezing weather. She told him not to come over any more. The shootings occurred two weeks later. Sheila K. testified that after Downing dragged her into the kitchen, Squires came up, looked her in the eyes, and shot her. The bullet struck her spinal cord and remains lodged in the back of her neck. She is paralyzed from the neck down.

Squires argues that the evidence is insufficient to support his conviction on Counts 1, 2, 5, 6, and 7 due to conflicts in the testimony of the prosecution's witnesses. This argument is meritless. First, the testimony of the three victims was entirely consistent in all material respects. Second, as noted above, any conflicts in the witnesses' testimony raised a credibility issue for jury resolution. We find the evidence adduced at trial more than sufficient to enable any rational trier of fact to find him guilty beyond a reasonable doubt of burglary

---

[3] Squires and Downing were indicted jointly but tried separately. In *Downing v. State*, 255 Ga. App. 225 (564 SE2d 828) (2002), we affirmed his conviction on Counts 1, 2, 4, 5, 6, and 7.

(Count 1), kidnapping of Sheila K. (Count 2) as a party to that crime, aggravated assault upon Sheila K. and G. K. (Counts 5 and 6), and the weapons offense (Count 7).

However, we agree with Squires that the transcript is devoid of evidence to support his conviction on Count 3, kidnapping of G. K. OCGA § 16-5-40 (a) provides: "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority . . . and holds such person against his will."

> For a kidnapping conviction, the State must prove an unlawful asportation of a person against his will. The determinative factor with regard to the element of asportation is whether appellant even momentarily caused the victims, without lawful authority or warrant, through intimidation and coercion, to engage in actions (including moving from one place to another) against their wills.[4]

The only evidence on this issue is G. K.'s testimony that he "somehow" got into the house. Further, when asked why he was in the kitchen, G. K. testified that it was a natural reaction because his sister was being choked in there. There is no evidence that he was moved against his will. Therefore, the state failed to prove asportation, and we vacate Squires's conviction on this count.

2. Squires next assigns error to the trial court's admission of bad character evidence. Specifically, he contends that Sheila K. should not have been permitted to testify that Downing and Squires exchanged a "gang sign" and that Squires had "gang-related tattoos" on his body. After the jury was sworn, Squires had moved in limine to exclude this testimony. After hearing argument, the trial court told defense counsel, "I'm not going to grant the motion in limine at this time. . . . If we get to the point it doesn't tie up, then we'll have to take it up at that point. . . ." Squires did not, however, object to Sheila K.'s testimony in this regard. Because the trial court reserved ruling on the motion in limine, Squires was required to object when the evidence was offered in order to preserve the issue for appellate review.[5]

*Judgment affirmed in part and vacated in part. Johnson, P. J., and Eldridge, J., concur.*

---

[4] (Citation and punctuation omitted.) *Gibson v. State*, 233 Ga. App. 838, 841 (4) (a) (505 SE2d 63) (1998).

[5] *Phyfer v. State*, 259 Ga. App. 356, 360 (5) (a) (577 SE2d 56) (2003). Compare *McClarity v. State*, 234 Ga. App. 348, 349 (2) (506 SE2d 392) (1998) (if motion in limine is denied, losing party need not renew objection when evidence offered).

DECIDED FEBRUARY 18, 2004.

*Ellis R. Garnett*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.