A07A1423. DAVIS v. THE STATE.
(651 SE2d 518)

Ruffin, Judge.

Terry Davis was charged with two counts of armed robbery and one count of kidnapping.[1] Following a trial, a jury found him guilty of kidnapping, one count of armed robbery, and one count of the lesser included offense of robbery by intimidation. In his sole enumeration of error on appeal, Davis contends that the trial court abused its discretion in failing to sever the armed robbery charges for trial. Finding no error, we affirm.

Viewed in a light favorable to the verdict,[2] the evidence shows that on March 4, 2006, Omar Sanchez drove his pickup truck to a car wash located near a convenience store where he was approached by Davis. Initially, Davis asked Sanchez for a cigarette. When Sanchez responded that he had none, Davis reached into the truck and removed the keys. Davis then reached behind him, which led Sanchez to believe that Davis had a weapon. Davis took money from Sanchez's wallet and began looking around the cab of the pickup truck. According to Sanchez, Davis also took a $350 amplifier that he found in the truck. At that point, Davis returned the keys to Sanchez and left the scene.

Three days later, Samuel Vargas went to a local convenience store where he purchased a gasoline additive for his truck. After Vargas paid, Davis approached him and inquired about Vargas's purchase. As Vargas was walking back to his truck, he called his wife to let her know that he was going home. Davis, who had followed Vargas to the truck, produced a gun and demanded that Vargas enter the truck. Davis also entered the truck and ordered Vargas to drive to a deserted area. When Vargas stopped, Davis took the keys, pointed the gun at Vargas, and demanded money. Davis then noticed Vargas's cell phone and demanded that as well. After obtaining money and the phone, Davis returned the keys and walked away.

---

[1] Davis was charged with a third count of armed robbery, but he was not tried on that charge as the victim was not located before trial. Davis contends that this charge was ultimately dismissed, and the State does not gainsay this contention.

[2] See *Guyton v. State*, 281 Ga. 789 (1) (642 SE2d 67) (2007).

As a result of these incidents, Davis was charged with the armed robbery of both Sanchez and Vargas and with kidnapping Vargas. Before trial, Davis moved to sever the offenses for trial. Following a hearing, the trial court denied the motion. On appeal, Davis contends that the trial court erred in denying his motion to sever. We disagree.

As this Court has recently reiterated, a defendant has a right to severance if offenses are joined solely because they are similar in nature,

> but severance is within the trial court's discretion when the offenses are so similar as to show a common scheme or plan. The court must consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.[3]

As a general rule, a trial court does not abuse its discretion in denying a motion for severance "where the evidence of one crime would be admissible in the trial of the other crime."[4]

We find no abuse of discretion in the trial court's refusal to sever the charges given the similarities of the crimes against Sanchez and Vargas. In both incidents — which occurred only three days apart — Davis approached his victim at a public facility and began a conversation. In both cases, Davis took the victim's truck keys and did not return them until the victim had given him money. And in both instances, Davis canvassed the victim's vehicle for other items to steal. Under these circumstances, "[t]he offenses were properly joined because they constituted a series of criminal acts closely connected by . . . time[ ] and manner so as to constitute a scheme or plan of criminal conduct."[5] And, contrary to Davis's argument on appeal, there is nothing to suggest that the jury was confused or misled by the trial of both offenses.[6] Thus, this argument presents no basis for reversal.[7]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

---

[3] (Punctuation omitted.) *Harmon v. State*, 281 Ga. App. 35, 37 (2) (635 SE2d 348) (2006).

[4] (Punctuation omitted.) *Anderson v. State*, 236 Ga. App. 679, 680 (1) (513 SE2d 235) (1999).

[5] (Punctuation omitted.) *Johnson v. State*, 276 Ga. App. 505, 507 (2) (623 SE2d 706) (2005).

[6] Indeed, the jury acquitted Davis of the armed robbery of Sanchez, finding him guilty instead of the lesser included offense of robbery by intimidation.

[7] See id.; *Anderson*, supra.

DECIDED SEPTEMBER 4, 2007.

*Jana M. Whaley*, for appellant.
*Robert W. Lavender, District Attorney, Leon Jourolmon, Assistant District Attorney*, for appellee.