A08A1491. THE STATE v. O'NEAL.
(665 SE2d 926)

RUFFIN, Presiding Judge.

A jury found Frederick O'Neal guilty of armed robbery, aggravated assault, false imprisonment, and obstruction of a law enforcement officer. O'Neal moved for a new trial, arguing that the trial court erred in denying his pretrial motion to sever.[1] The trial court agreed, granting the motion for new trial on this basis. We granted the State's application for interlocutory appeal and, for reasons that follow, reverse.

The evidence presented at trial shows that in the early afternoon on June 4, 1999, Ann Michelle Allen was sitting in a parking lot, cleaning the interior of her white Ford Taurus. An unknown man opened the car door, and Allen saw a man pointing a gun at her. Allen threw her purse at the man and exited the car, but was unable to escape. The assailant then put the gun to Allen's side and said, "don't scream or I'm going to kill you." Allen finally escaped, and the man drove away in her car. At trial, Allen identified O'Neal as the perpetrator.

Around this time in June, Sandra Bonilla, one of O'Neal's co-workers, noticed that O'Neal was driving a white car with a dealership tag. When Bonilla questioned O'Neal about the dealership tag, he told her that he had a license plate, but he did not have it on the car "because someone was looking for him."

---

[1] The original motion to sever and the motion for new trial were heard by two different judges.

On June 14, 1999, Frank Hooper was working at a public storage facility when he saw O'Neal walking from a white sedan toward the business. O'Neal entered the building and inquired about pricing. When another customer entered the facility, O'Neal left. He returned after the customer departed and held a gun to Hooper, demanding money. O'Neal ordered Hooper into the employee restroom where Hooper remained until O'Neal left. Upon leaving the bathroom, Hooper discovered that the white sedan was gone.

On July 23, 1999, a police officer saw O'Neal driving a white Ford Taurus without a license plate, but with a dealership tag. When the car stopped at a gas station, the officer pulled in behind the vehicle and asked O'Neal for his driver's license and insurance. After feigning an attempt to look for his license, O'Neal fled on foot. The officer subsequently discovered that the car had been stolen from Allen. Based upon this evidence, the jury found O'Neal guilty of obstruction for fleeing the officer, and the armed robbery, aggravated assault and false imprisonment of Hooper. The jury was unable to reach a verdict with respect to the charges for aggravated assault and armed robbery of Allen, and these charges were dead docketed.[2]

Before trial, O'Neal moved to sever for trial the offenses against Allen from the offenses against Hooper. The trial court conducted a hearing on the motion during which the State argued that the offenses could be tried together because the evidence supported the inference that O'Neal used the car from the first crime in perpetrating the second. The trial court then denied the motion. Following his conviction, O'Neal moved for a new trial arguing, inter alia, that the judge who denied his motion for severance committed reversible error. The trial court agreed, finding that "[t]he only apparent reason for joinder of the two counts of armed robbery and related charges committed at different times and places, with different victims, was similarity of offenses." The State appeals this ruling.[3]

If several offenses are joined for trial solely because the crimes are of a similar nature, the trial court is required to sever the trials for the separate offenses upon motion of the defendant.[4] "But when [the separate offenses] are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, the court has discretion to decide whether to sever the offenses."[5] Moreover, a trial court generally "does not abuse its

---

[2] The trial court also dead docketed two counts of possession of a firearm by a convicted felon.

[3] See OCGA § 5-7-1 (a) (7) (permitting the State to appeal the grant of a new trial).

[4] See *Johnson v. State*, 265 Ga. App. 777, 781 (3) (595 SE2d 625) (2004).

[5] Id.

discretion in denying a motion for severance where the evidence of one crime would be admissible in the trial of the other crime."[6]

Here, the original judge who heard the motion to sever had discretion to deny the motion given the evidence that O'Neal used the car he had stolen from Allen during his robbery and assault of Hooper.[7] Indeed, the judge would have been authorized to conclude that evidence of the stolen vehicle was part of the res gestae of the robbery against Hooper and thus would have been admissible even if the offenses had been tried separately.[8] Under these circumstances, the trial court's subsequent finding that the original judge joined the offenses for trial solely because of the similar nature is unfounded.[9] It follows that the trial court abused its discretion in granting O'Neal's motion for new trial on this basis.[10]

*Judgment reversed. Andrews and Bernes, JJ., concur.*

DECIDED JULY 23, 2008 ▮▮▮▮▮▮

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellant.
*Woodrow S. Smith, Philip D. Price*, for appellee.

---

[6] (Punctuation omitted.) *Davis v. State*, 287 Ga. App. 410, 411 (651 SE2d 518) (2007).

[7] See *Morrow v. State*, 226 Ga. App. 833, 834-835 (1) (487 SE2d 669) (1997); see also *Rivers v. State*, 225 Ga. App. 558, 560 (1) (484 SE2d 519) (1997).

[8] See *Selley v. State*, 237 Ga. App. 47, 48 (2) (514 SE2d 706) (1999).

[9] See *Gunsby v. State*, 248 Ga. App. 18, 21 (3) (545 SE2d 56) (2001) (" 'A court has wide discretion in severance motions.' ").

[10] See, e.g., *Jackson v. State*, 282 Ga. App. 612, 615 (639 SE2d 403) (2006) (trial court's ruling on motion for new trial reviewed for abuse of discretion).