S08G2011. O'NEAL v. THE STATE.
(677 SE2d 90)

MELTON, Justice.

In *State v. O'Neal*, 292 Ga. App. 884 (665 SE2d 926) (2008), the Court of Appeals reversed the trial court's first grant of a motion for new trial filed by Frederick O'Neal.[1] We granted certiorari to deter-

---

[1] On September 22, 2000, O'Neal was found guilty by a jury of obstruction for fleeing a police officer, armed robbery, aggravated assault, and false imprisonment. Following his conviction, O'Neal filed a motion for new trial contending, among numerous other grounds, that certain of his offenses should have been severed from the others.

mine whether the Court of Appeals erred by failing to apply OCGA § 5-5-50 as the proper standard of review when considering the trial court's first grant of a motion for new trial in a criminal case.[2] For the reasons set forth below, we find that, because the trial court granted the motion for new trial on a special ground instead of the general grounds, OCGA § 5-5-50 is not applicable to this case.

OCGA § 5-5-50 provides:

> The first grant of new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge.

The trial court is given a significant amount of deference for a first grant of new trial because "[t]he decision to grant a new trial is addressed to the sound discretion of the judge who saw the witnesses and heard the testimony . . . [where the judge] is sometimes spoken of as the thirteenth juror." (Citations omitted.) *Head v. CSX Transp.*, 271 Ga. 670, 672 (1) (524 SE2d 215) (1999). OCGA § 5-5-50 recognizes this deference to the trial court by requiring that an appellate court employ a standard of review that limits its power to reverse a trial court's first grant of new trial.

This Court has regularly held that OCGA § 5-5-50 provides the appellate standard of review of the grant of a motion for new trial in civil cases. See, e.g., *Head*, supra (OCGA § 5-5-50 is the correct standard of review for the Court of Appeals to apply to a Federal Employers' Liability Act case). By its clear terms, this standard of review must be generally applied to criminal cases as well, a fact that has been previously recognized indirectly by this Court in *State v. Jones*, 284 Ga. 302 (667 SE2d 76) (2008) (applying OCGA § 5-5-40 in a criminal case). With the higher potential consequences in a criminal action, the application of OCGA § 5-5-50 to criminal cases in addition to civil actions is at least as, if not more, appropriate.[3]

Nonetheless, OCGA § 5-5-50 is not applicable in all situations

---

[2] In his motion for new trial, O'Neal argued that the trial court erred by denying his pretrial motion to sever two different counts of armed robbery against two different victims at different times. The trial court granted O'Neal's motion, finding that the only reason for joinder of the two counts of armed robbery was their similarity.

[3] The State contends that OCGA § 5-5-50 does not apply to any criminal cases because this standard has existed for over one hundred years and the State did not have the ability to appeal from the grant of a motion for new trial until the 2005 amendment to OCGA § 5-7-1. This argument is not persuasive because, at the time the legislature passed this amendment in 2005, it was presumed to have known the existing law. See, e.g., *State v. Tiraboschi*, 269 Ga. 812, 814 (504 SE2d 689) (1998) ("[t]he legislature is presumed to know the condition of the law and to enact statutes with reference to it") (citation omitted). Therefore, the legislature was

where a trial court has entered a first grant of a motion for new trial.

> The first grant of a new trial on the general grounds will ordinarily not be disturbed by the appellate court absent an abuse of discretion in that the evidence demanded the verdict rendered. See OCGA §§ 5-5-50; 5-5-51, and *Dunn v. Gilbert*, 217 Ga. 358, 359 (122 SE2d 93) (1961). However, the first grant of a new trial on special grounds involving a question of law is reviewable in a proper appeal. *Smith v. Telecable of Columbus*, 238 Ga. 559, 560 (234 SE2d 24) (1977). . . . We review such a question of law de novo and reverse if the trial court committed legal error.

(Citation and footnote omitted.) *Govt. Employees Ins. Co. v. Progressive Cas. Ins. Co.*, 275 Ga. App. 872, 873-874 (622 SE2d 92) (2005). In this case, the motion for new trial was granted on such a special ground, namely that the trial court erred by denying O'Neal's pretrial motion to sever two different counts of armed robbery committed against two different victims at different times. Therefore, the standard set forth in OCGA § 5-5-50 is not applicable in this case, and the Court of Appeals properly considered the propriety of the trial court's ruling on the question of law regarding severance of O'Neal's offenses.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 2009.

*W. Scott Smith, Daniel F. Farnsworth*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

aware that OCGA § 5-5-50 applied to motions for new trial generally, and it chose not to exempt criminal trials from this application.

[4] To the extent that *State v. McMillon*, 283 Ga. App. 671 (642 SE2d 343) (2007), and *State v. Lamb*, 287 Ga. App. 389 (651 SE2d 504) (2007) conflict with this holding, they are hereby overruled.