A09A1657. FIELDING v. THE STATE.
(682 SE2d 675)

BLACKBURN, Presiding Judge.

Following a jury trial, John Fielding appeals his 1996 conviction on four counts of robbery[1] and three counts of kidnapping,[2] raising three enumerations of error. He argues the trial court should have severed the six counts of robbery and the six counts of kidnapping contained in the indictment into six separate trials; that the trial court erred in giving its jury charge on identification; and that he received ineffective assistance of counsel when his counsel failed to introduce evidence of his disability. We hold that because the 12 counts of robbery and kidnapping involved a distinctive modus operandi and took place over a period of less than a month in a single county, such showed a common scheme that justified denying the motion to sever; that Fielding waived any objection to the challenged jury charge when he requested that very charge; and that counsel in fact did present evidence of Fielding's disability. Accordingly, we affirm.

Construed in favor of the verdict, *Davis v. State*,[3] the evidence shows that a grand jury indicted Fielding on six counts of robbery by force and six counts of kidnapping arising out of six separate business robberies taking place over a period of three weeks from May 25 through June 13, 1995, in Richmond County. Each of the robberies involved a lone female employee operating a small commercial business who was approached by a large man fitting Fielding's description. The man would distract the employee by feigning interest in the activities of the business and would then grab the

---

[1] OCGA § 16-8-40 (a) (1).

[2] Former OCGA § 16-5-40 (a) (1994).

[3] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

female employee in a choke hold (one time choosing only to violently shove the employee), forcing the employee to the business's repository of money. The man would take the money from the repository and would then demand money from the woman's purse. In each case, the man would then force the woman to a back area of the business (one time getting only part-way there), where he would require her to lie on the floor and where he would threaten to kill her if she moved from that spot or contacted police while he escaped. He would then escape.

At trial, each of the six victims identified Fielding as the perpetrator. Nevertheless, the jury found Fielding guilty on the robbery and kidnapping counts in only three of the incidents, and on a robbery count only in a fourth incident. He was acquitted of all other counts. He appeals.

1. Fielding first contends that the trial court abused its discretion in denying his motion to sever the six incidents into six separate trials. We disagree.

A trial court engages in a two-part inquiry when considering a motion to sever.

> A trial court must first determine whether the offenses are joined solely because they are of the same or similar character. If they are, severance is mandatory. If they are not, the court must then decide whether severance would promote a just determination of guilt or innocence as to each offense. In making this determination, the trial court is vested with discretion. . . .

(Citations and punctuation omitted.) *Williams v. State.*[4]

With regard to the first inquiry, "[o]ffenses have not been joined *solely* because they are of the same or similar character when evidence of one offense can be admitted upon the trial of another, i.e., when they are so strikingly similar as to evidence a common motive, plan, scheme or bent of mind." (Punctuation omitted; emphasis in original.) *Williams*, supra, 269 Ga. App. at 675 (2). Thus, "severance is within the trial court's discretion when the offenses are so similar as to show a common scheme or plan." (Punctuation omitted.) *Davis v. State.*[5] Such similarity may be manifest by close connections between the time, location, and modus operandi of the offenses. Id. See *Evans v. State*;[6] *Johnson v. State.*[7]

---

[4] *Williams v. State*, 269 Ga. App. 673, 675 (2) (605 SE2d 83) (2004).
[5] *Davis v. State*, 287 Ga. App. 410, 411 (651 SE2d 518) (2007).
[6] *Evans v. State*, 266 Ga. App. 405, 409 (2) (597 SE2d 505) (2004).
[7] *Johnson v. State*, 213 Ga. App. 194 (1) (444 SE2d 334) (1994).

As set forth above, the six robberies of commercial establishments here took place in a single county within three weeks of each other. Each involved a large male perpetrator distracting the lone female employee and then placing her in a choke hold (except one which involved shoving), whereupon he would force her to money repositories. From those repositories, he would take the money and then would demand money from her purse. He would then seek to force her to the rear of the business and have her lie on the floor, with threats of violence if she moved or called police. The modus operandi of the robberies was strikingly similar, allowing the trial court the discretion to deny the motion to sever. See *Allen v. State*;[8] *Roman v. State*;[9] *Johnson*, supra, 213 Ga. App. at 194-195 (1).

With regard to the second inquiry, the trial court considers "whether, in light of the number of offenses charged and the complexity of the evidence, the fact-trier will be able to distinguish the evidence and apply the law intelligently to each offense." (Punctuation omitted.) *Strozier v. State*.[10] Here, as in *Strozier*, "[t]here is no question that the jurors were able to make that distinction since [Fielding] was acquitted of [several] counts." Id. See *Langston v. State*[11] ("[s]ince appellant was acquitted on three of the armed robbery counts, it is clear that the jury was able to distinguish the evidence and apply the law intelligently as·to each offense") (punctuation omitted).

The trial court did not abuse its discretion in denying Fielding's motion to sever.

2. Fielding claims that the trial court erred by giving the jury a pattern jury charge which stated that in assessing the reliability of the witnesses' identification of Fielding, the jury could consider the level of certainty shown by the witnesses. Subsequent to Fielding's trial, the Supreme Court of Georgia disapproved of this "level of certainty" charge in *Brodes v. State*.[12] While we acknowledge that trial courts should "refrain from informing jurors [that] they may consider a witness's level of certainty when instructing them on the factors that may be considered in deciding the reliability of [an eyewitness] identification," id., we hold that Fielding waived the right to challenge the trial court's level-of-certainty charge here.

In *Inman v. State*,[13] the defendant, who was tried prior to the decision in *Brodes*, requested a charge on the level of certainty

---

[8] *Allen v. State*, 268 Ga. App. 519, 524-525 (1) (602 SE2d 250) (2004).

[9] *Roman v. State*, 245 Ga. App. 225, 227 (2) (537 SE2d 684) (2000).

[10] *Strozier v. State*, 277 Ga. 78, 81 (5) (a) (586 SE2d 309) (2003).

[11] *Langston v. State*, 195 Ga. App. 873 (1) (395 SE2d 74) (1990).

[12] *Brodes v. State*, 279 Ga. 435, 442 (614 SE2d 766) (2005).

[13] *Inman v. State*, 281 Ga. 67, 69 (2) (635 SE2d 125) (2006).

demonstrated by an eyewitness. Applying the principle that "[t]he act of requesting an instruction in the trial court constitutes a specific waiver of the right to enumerate it as error on appeal," the Supreme Court held that the appellant had waived the right to challenge the level-of-certainty charge on appeal. (Punctuation omitted.) Id. Because the record reveals that Fielding, like the appellant in *Inman*, requested the level-of-certainty charge, Fielding waived the right to enumerate the charge as error in this Court. Id. See *Fisher v. State*;[14] *Bryant v. State*.[15]

3. In his final enumeration, Fielding contends that the trial court erred in denying his motion for new trial that asserted he received ineffective assistance of counsel. Specifically, Fielding argues that his trial counsel should have presented evidence from Fielding's workers' compensation attorney, who would have testified that Fielding had lost his big toe on his right foot from a 1991 employment accident and was 30 to 60 percent impaired as a result. Fielding maintains that such would have shown he was incapable of performing the 1995 robberies as described.

To prove his claim of ineffective assistance, Fielding was required to

> show that counsel's performance was deficient and that the deficiency so prejudiced [Fielding] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Fielding] must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State*.[16]

Evidence supported the trial court's finding that Fielding did not show the first prong let alone the second prong. The record showed that at trial, Fielding's trial counsel *in fact did* present evidence of Fielding's partial disability. In addition to establishing through cross-examination that a witness noticed nothing unusual about the perpetrator's gait, Fielding's trial counsel used cross-examination of a detective to prove that Fielding was missing his big toe on his right foot and used the cross-examination of Fielding's employer (called as a State's witness) to show that Fielding had been hurt on the job, resulting in the amputation of his big toe and in his partial disability.

---

[14] *Fisher v. State*, 295 Ga. App. 501, 504-505 (2) (672 SE2d 476) (2009).

[15] *Bryant v. State*, 286 Ga. App. 493, 497-498 (3) (649 SE2d 597) (2007).

[16] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).

"[T]rial counsel's failure to present cumulative evidence does not amount to ineffective assistance." (Punctuation omitted.) *Carlos v. State*.[17]

Moreover, when after discussions with Fielding's counsel, the State agreed that through these cross-examination questions Fielding had presented nothing that (under the prior law) would have forfeited Fielding's right to open and close final argument, Fielding's counsel was careful not to present any evidence in Fielding's defense. Thus, counsel was allowed to have the final word in closing argument. It is "a reasonable defense strategy to avoid introducing evidence to preserve that right." *Adams v. State*.[18] See *Stokes v. State*[19] (defense counsel's desire to preserve final closing argument is a valid strategic decision). Counsel's decision here to forgo presenting cumulative evidence of Fielding's injured foot (so as to preserve the right to give final closing argument) was virtually unchallengeable as a strategic decision and did not constitute deficient performance. See generally *Carlos*, supra, 292 Ga. App. at 421 (2).

The trial court did not err in finding that Fielding failed to carry his burden of showing deficient performance. Accordingly, it did not abuse its discretion in denying Fielding's motion for new trial that asserted ineffective assistance.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JULY 23, 2009.

*Sherry T. Barnes*, for appellant.
*Rebecca A. Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[17] *Carlos v. State*, 292 Ga. App. 419, 421 (2) (a) (664 SE2d 808) (2008).
[18] *Adams v. State*, 283 Ga. 298, 301 (3) (d) (658 SE2d 627) (2008).
[19] *Stokes v. State*, 281 Ga. 825, 835 (8) (h) (642 SE2d 82) (2007).