### A09A1048. BURCE v. THE STATE.

(683 SE2d 901)

PHIPPS, Judge.

Kildgret Emmanuel Burce was convicted of statutory rape after a jury trial. He appeals the trial court's denial of his motion for new trial, maintaining that he received ineffective assistance of counsel. Finding no merit in Burce's claim of error, we affirm.

"[T]o succeed on a claim of ineffective assistance, [a defendant] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance."[1] If a defendant fails to prove one prong of this test, the reviewing court need not examine the other prong.[2] In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, and we independently apply the legal principles to the facts.[3]

Burce asserts that his trial counsel was ineffective for not investigating the criminal history of the victim, S. H., who testified at trial that Burce had engaged in sexual intercourse with her when she was 14 years old and that Burce was the father of her child. Burce denied having intercourse with S. H. He contends that a criminal background check on S. H. would have revealed several felony convictions, with which his counsel could have tried to impeach S. H.'s credibility.

Trial "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations

---

[1] *Smith v. State*, 283 Ga. 237, 238 (2) (657 SE2d 523) (2008) (citation omitted); see *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[2] *McDougal v. State*, 284 Ga. 427, 428 (2) (667 SE2d 592) (2008).

[3] *Smith*, supra.

unnecessary."[4] In denying Burce's motion for new trial, the trial court found that counsel offered legitimate reasons for not seeking to impeach S. H. Counsel testified at the motion for new trial hearing that he had known S. H. might have had a criminal background, that he had considered whether to try to impeach her, but that he did not further investigate her criminal history because he determined that he wanted her to maintain some credibility. A paternity test had indicated a 99.999 percent probability that Burce was the father of S. H.'s child, and counsel wanted to use a statement made by S. H. to explain how this result could occur without Burce having sexual intercourse with the girl. Prior to trial, S. H. had told Burce's counsel that she was impregnated when her former stepfather had intercourse with her while wearing a recently used condom containing Burce's semen.

At trial, Burce's counsel presented evidence consistent with this defense strategy. S. H. admitted on cross-examination that she had told Burce's counsel she was impregnated in this manner. Evidence was presented that it was possible, even if improbable, that sperm inside a condom could remain viable for up to two hours. And evidence was presented of enmity between S. H.'s former stepfather and Burce, who was involved in a relationship with S. H.'s mother.

A defendant claiming that trial counsel was ineffective for failing to reasonably investigate the case must overcome the presumption that, under the circumstances, the challenged action was sound trial strategy.[5] That presumption was overcome in *Jowers v. State*,[6] where counsel failed to investigate or present to the jury evidence from scientific reports that supported key ingredients of appellant's sole defense.[7] Likewise, in *State v. Lamb*,[8] counsel's performance was deficient for failing to obtain the criminal records of a similar transaction witness, whose impeachment was particularly crucial given the lack of overwhelming evidence supporting the conviction.[9] But here, unlike *Jowers* or *Lamb*, counsel made a strategic decision that a specific line of investigation was unnecessary because the expected finding from the investigation would not have been helpful to the defense employed.

"An attorney is not ineffective for failing to follow every evidentiary lead; instead, the adequacy of the scope of an attorney's

---

[4] *Strickland*, supra at 691.

[5] *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891) (1990) (citing *Strickland*, supra).

[6] Id.

[7] Id.

[8] 287 Ga. App. 389 (651 SE2d 504) (2007) (overruled on other grounds by *O'Neal v. State*, 285 Ga. 361 (677 SE2d 90) (2009)).

[9] *Lamb*, supra at 391 (2).

investigation is to be judged by the standard of reasonableness."[10] And Burce must demonstrate that his counsel's performance "was not reasonable under the circumstances confronting his counsel at the time, without resorting to hindsight."[11] Given the facts of the case, the trial court's determination that counsel articulated a reasonable defense strategy was not clearly erroneous, and thus the court did not err in denying Burce's motion for new trial.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED AUGUST 25, 2009.

*Adam S. Levin, H. Bradford Morris, Jr.,* for appellant.
*Lee Darragh, District Attorney, Juliet Aldridge, Assistant District Attorney,* for appellee.

---

[10] *Turpin v. Lipham*, 270 Ga. 208, 216 (3) (B) (3) (510 SE2d 32) (1998) (citations and punctuation omitted).

[11] *Nickerson v. State*, 248 Ga. App. 829, 831 (2) (545 SE2d 587) (2001) (citation and punctuation omitted).