## A10A0411. WYNN v. THE STATE.
### (690 SE2d 910)

JOHNSON, Presiding Judge.

A jury found Harold Wynn guilty of possession of cocaine with intent to distribute. Wynn appeals from the conviction, contending trial counsel was ineffective because he failed to properly investigate the arresting officer's stated basis for stopping him. According to Wynn, had counsel done so, counsel's cross-examination of the officer would have been more effective and the jury might have found him not guilty. Finding no error, we affirm.

To succeed on a claim of ineffective assistance of trial counsel, a defendant must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[1] In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, and we independently apply the legal principles to the facts.[2]

Viewing the evidence in the light most favorable to the verdict,[3] it shows that at approximately 4:00 a.m. the Vidalia Police Depart-

[1] *Burce v. State*, 299 Ga. App. 849 (683 SE2d 901) (2009).
[2] Id.
[3] See *Peterson v. State*, 294 Ga. App. 128 (668 SE2d 544) (2008).

ment received a report that a man was beating a woman outside on East Seventh Street. An officer arrived at the location given in the report, but neither the man nor the woman was there. A woman nearby said she saw the assault and that the assailant was wearing a yellow shirt. About 20 minutes later, several blocks away, the officer saw a man in a yellow shirt running across the highway, away from an open convenience store. The man stopped running as the officer approached, then resumed running when the officer passed. The officer was suspicious and called for assistance.

When a second officer arrived, the two officers approached the man. The man, who was later identified as Wynn, was nervous and stuttering. One of the officers told Wynn to take his hands out of his pockets, and asked if he had any weapons. Wynn hesitated before saying he did not. The officer told Wynn he was going to pat him down for weapons. Wynn said he had nothing other than a cell phone. Before the officer began frisking him, Wynn reached into his shirt pocket to pull out the cell phone. As Wynn did so, a metal cigarette case fell out of his pocket and onto the ground. The metal case popped open, revealing 11 small bags of a substance that later tested positive for crack cocaine. Wynn explained to the officers that he found the container moments earlier and had not looked to see what was inside. One of the officers testified that, based on his narcotics investigations and training, Wynn possessed an amount of crack cocaine inconsistent with personal use.

Wynn urges that his attorney should have investigated whether there really was a domestic dispute call and, if so, whether a description of the male involved was broadcast to police. Had trial counsel investigated "the veracity of the probable cause offered by [the officer who decided to stop him]," Wynn contends, he could have subjected the state's case "to a meaningful adversarial testing" and the jury could have found him not guilty.

However, Wynn introduced no evidence in his motion for new trial showing that the officer's testimony regarding the basis for the stop was not truthful. And in his brief, Wynn has failed to specify what evidence trial counsel would have discovered through an investigation that would have changed the results of the trial. Accordingly, he has failed to establish that counsel's actions were deficient and that, but for this claimed deficiency, the jury would have reached a different verdict.[4] The trial court's finding that Wynn

---

[4] See *Buggle v. State*, 299 Ga. App. 515, 518 (2) (683 SE2d 85) (2009); *Christian v. State*, 297 Ga. App. 596, 599 (2) (b) (677 SE2d 767) (2009).

was not denied effective assistance of counsel was not clearly erroneous.[5]

*Judgment affirmed. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 10, 2010.

*Brandi D. Payne*, for appellant.

*Samuel H. Altman, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.