**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 20, 2014**

# In the Court of Appeals of Georgia

A13A1829. THE STATE v. MITCHELL.

MCFADDEN, Judge.

A jury found Dantrell Mitchell guilty of driving under the influence of alcohol to the extent that it was less safe for him to drive, but the trial court granted his motion for new trial because the state had made references to his failure to take a breath test. The state appeals, arguing that its references to Mitchell's failure to prove his innocence by taking that test did not improperly shift the burden of proof, that its comment that Mitchell's failure to take the test created an inference that he was a less safe driver was not improper; and, that in any event, Mitchell waived any error by failing to object. We find, pretermitting whether Mitchell waived any error regarding the comment about the inference, that he did not waive any error regarding the comments about his failure to prove his innocence. And as those comments were

improper, the trial court did not err in granting Mitchell's motion for new trial. We therefore affirm.

1. *Standard of review.*

As an initial matter we must consider our standard of review. We are reviewing the trial court's decision to grant a new trial to Mitchell on the ground that the assistant solicitor's comments in the closing argument were improper. In her order granting the motion for new trial, the trial court heard no evidence and made no findings of fact. Under these circumstances, we do not apply the standard of review codified in OCGA § 5-5-50. ("The first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding the judgment of the presiding judge."). See *O'Neal v. State*, 285 Ga. 361, 363 (677 SE2d 90) (2009) (citations omitted). Instead, we review de novo a trial court's conclusion on motion for new trial that legal error occurred at trial. Id. Cf. *Ford Motor Co. v. Conley*, __ Ga. __, __ (2) n. 7 (__ SE2d __) (Case No. S13A1601, decided Feb 24, 2014) (explaining that the de novo standard of review does not apply to appellate review of the grant of an extraordinary motion for new trial that presented mixed questions of law and fact and on which the trial court had made factual findings).

2

2. *Facts.*

During the state's closing argument, the assistant solicitor, in responding to Mitchell's defense that he was sleeping in his car, not driving it, stated:

> The officer conducted a field sobriety test. He tried to do the one-leg stand. He couldn't. . . . That is not all. He had a chance to prove his innocence. No, I was sleeping. I was sleeping, officer. Okay. Well, you had a chance. Come downtown. Take this test. If it comes out less than the legal limit, go ahead. Free to go. Okay. No, I will not take the opportunity to prove my innocence.

Defense counsel requested a sidebar conference. The sidebar conference was unrecorded. But in her order granting the motion for new trial, the trial court wrote that defense counsel objected to the remarks, as well as to the state's visual aid, a power point with the same language, on the ground that they were burden shifting. The trial court also wrote that she had overruled Mitchell's objection, noting that she had not instructed the state to remove the visual display.

The trial court instructed the assistant solicitor to repeat and clarify the court's instruction that the state always had the burden of proof. In response, the assistant solicitor made the following comments:

3

Let me clarify to the jurors what I meant when I said he had a chance to prove his innocence. As you know and the court has already told you, today the burden is on us, the state, to prove beyond a reasonable doubt that he is guilty. But I'm clarifying on that day he had a chance to tell the officer no, what you think is wrong. I am not under the influence of alcohol to the extent I am less safe. My slurring, stumbling speech and driving off is not because I had too much to drink. He did not take the opportunity to relay that to the officer when he could have.

In its order granting Mitchell's motion for new trial, the trial court found that this "clarification" went beyond the court's direction and "possibly confused [the jury] over the presumption of the Defendant's innocence at trial by the [s]tate's repeated use of the phrase 'had a chance to prove his innocence' to prevent his arrest."

3. *Waiver*.

The state argues that Mitchell waived any error in the closing argument because he did not object to the state's comments after the sidebar conference or its argument about the inference to be drawn from his refusal of a breath test. Pretermitting whether Mitchell waived any error regarding the inference comments, the trial court expressly ruled that it had overruled his objection to the allegedly burden-shifting comments. "When an improper argument is made, opposing counsel

4

may obtain appellate review of the trial court's ruling simply by objecting. . . . [T]he defendant is not required to renew his objection or move for a mistrial after the trial court overrules the objection." *Bolden v. State*, 272 Ga. 1, 2 (525 SE2d 690) (2000).

4. *The state's closing argument was impermissibly burden shifting.*

The state argues that its closing argument that, by refusing the breath test, Mitchell failed to avail himself of the opportunity to "prove his innocence" was not improper. Rather, the state argues, it was simply a permissible comment on the inference to be drawn from Mitchell's refusal to take the test. We disagree.

The case of *Pinch v. State*, 265 Ga. App. 1, 5 (4) (593 SE2d 1) (2003), involved a closing argument with similar comments. There, the solicitor-general

> told the jury that if Pinch had taken the breath test, "it was a possibility whether he goes to jail or he'd have the opportunity to go home, depending on the test results. If he refused, he automatically would go to jail." Defense counsel objected and the trial court sustained the objection. The solicitor-general then argued that if Pinch had taken the breath test, "it's possible that he could have gone home that night." Defense counsel again objected and the objection was sustained. The prosecutor later argued that if Pinch had taken the breath test, "there was a chance to show sobriety."

5

Id. Pinch argued on appeal that the trial court should have granted his motion for a mistrial "because the solicitor-general had effectively told the jury that Pinch could have exonerated himself by taking the breath test." Id. We agreed with Pinch that the state's comments were improper and impermissibly shifted the burden of proof. Id. We nonetheless affirmed the denial of the motion for mistrial because the trial court had given the jury curative instructions.

Here, the comments were even more explicit: the state told the jury that Mitchell could have proven his innocence by taking a breath test, but chose not to do so. The trial court denied Mitchell's objection and did not give curative instructions. Consequently, the trial court correctly concluded that it had erred at trial, and it properly granted Mitchell's motion for new trial.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*